## COMMONWEALTH *vs.* JERE CASHMAN & wife.

If, on the trial of an indictment for being a common seller of intoxicating liquors, there is proof of sales of such liquors by the glass, in the defendant's dwelling-house, to be there drunk by the purchasers, a new trial will not be granted, after a verdict of guilty, although the judge erroneously refused to rule that it was incumbent on the Commonwealth to prove a want of authority in the defendant to make such sales.

INDICTMENT for being a common seller of intoxicating liquors. At the trial in the superior court, before *Wilkinson,* J., the government, to sustain the indictment, relied upon proof of sales of ale, gin and whiskey by the glass, in the defendants' dwelling-house, to be there drunk by the purchasers. The defendants, after raising the same questions which were taken in *Commonwealth v. O'Donnell, ante,* 548, asked the judge to rule that it was incumbent on the Commonwealth to prove want of authority in the defendants to sell intoxicating liquors under the state laws; but the judge declined so to rule.

The jury returned a verdict of guilty, and the defendants alleged exceptions.

*G. M. Stearns,* for the defendants.

*Foster,* A. G., for the Commonwealth.

METCALF, J. Although it was wrongly ruled, at the trial, that it was not incumbent on the Commonwealth to prove want of authority in the defendants, under our laws, to sell intoxicating liquors; *Commonwealth v. Livermore,* 2 Allen, 292; yet that ruling did the defendants no harm. For it appears, on the bill of exceptions, that there was proof of sales, by the defendants, of ale, gin and whiskey (which are intoxicating) by the glass, to be drunk in their dwelling-house. This proof sustained the burden which was on the Commonwealth; for it conclusively showed that those sales were unauthorized; as no one can have authority, under our laws, so to sell liquors. *Commonwealth v. Livermore,* 4 Allen, 434. Since the *St.* of 1864, *c.* 121, the burden of proving want of authority to sell intoxicating liquors is no longer on the Commonwealth.

The other exceptions are the same that were taken and over-ruled in *Commonwealth* v. *O'Donnell, ante,* 548.

*Exceptions overruled.*